IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WHO DAT?, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:10-cv-00154 |
| | ) | |
| NFL PROPERTIES LLC; NEW ORLEANS | ) | Judge Parker |
| LOUISIANA SAINTS LLC; THE | ) | |
| SECRETARY OF STATE OF LOUISIANA; | ) | Magistrate Judge Dalby |
| and THE STATE OF LOUISIANA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| NEW ORLEANS LOUISIANA SAINTS | ) | |
| LLC; NFL PROPERTIES LLC; and THE | ) | |
| NATIONAL FOOTBALL LEAGUE; | ) | |
| | ) | |
| Counterclaim Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WHO DAT?, INC., | ) | |
| | ) | |
| Counterclaim Defendant. | ) | |
| | ) | |

**AFFIRMATIVE DEFENSES AND ANSWER OF DEFENDANTS
NEW ORLEANS LOUISIANA SAINTS, LLC and NFL PROPERTIES LLC
AND COUNTERCLAIMS OF DEFENDANTS
NEW ORLEANS LOUISIANA SAINTS LLC and NFL PROPERTIES LLC, and of
COUNTERCLAIM PLAINTIFF THE NATIONAL FOOTBALL LEAGUE**

- 1 -

Defendants the New Orleans Louisiana Saints (the "Saints") and NFL Properties, LLC ("NFLP"), respond to Who Dat?, Inc's ("WDI") Original Complaint for Damages, Declaratory, and Injunctive Relief for Misappropriation of "Who Dat" ("Complaint") as set forth herein. The Saints and NFLP, taking the posture of Counterclaim Plaintiffs, together with Counterclaim Plaintiff the National Football League ("NFL"), further assert various Counterclaims to the Complaint of WDI.

## PRELIMINARY STATEMENT

WDI's actions are a transparent and opportunistic effort to capitalize on the equity and popularity of the New Orleans Saints as their fans celebrate the club's first Super Bowl victory. By its own admission, Counterclaim Defendant WDI sought to "reap substantial financial rewards in connection with the 2009-2010 National Football League season," by trading off the success of, and valuable goodwill associated with, the Super Bowl XLIV champion New Orleans Saints and the NFL. (*See* Complaint ¶2.)

To obtain this financial windfall, WDI intends to create the false impression that its unlicensed and unauthorized goods and services and those of its licensees are affiliated with the Saints, the NFL and NFLP by incorporating word marks, design marks, color schemes and other source identifying elements associated with the Saints and the NFL (collectively, the "Infringing Goods" and/or the "Infringing Goods and Services"). These Infringing Goods and Services feature a combination of design elements such as the Saints stylized Fleur-de-Lis Design Mark (as defined below), the silhouette of the NFL Shield design, the roman numerals XLV (referring to the possibility of a repeat of the Saints' Super Bowl championship in next year's Super Bowl XLV) and the designations "World Champion Who Dat Nation Fans" and "Who Dat New Orleans 2010 Champs!". WDI and its licensees are using these source

identifying elements in combination with other phrases, designs, terminology, and information in a way calculated to create the false impression that their Infringing Goods and Services are licensed or sponsored by or otherwise affiliated or associated with the Saints, the NFL and NFLP.

WDI's intention to confuse consumers is further illustrated by the manner in which the foregoing Infringing Goods and Services are offered for sale.  A WDI web site promotes the sale of the Infringing Goods and Services by using iconic photographs of the Saints' Super Bowl XLIV victory and encourages consumers to buy the Infringing Goods and Services so as to "[b]e one of the first in the WHO DAT NATION to show your support of Who Dat New Orleans Saints".  This promotional content exacerbates the likelihood that Saints and NFL fans will mistakenly believe that WDI's merchandise is sponsored, affiliated or otherwise associated with the Saints and the NFL.

There can be no question that WDI's actions constitute a bad faith attempt to trade upon the enormous success of the 2009 New Orleans Saints, whose historic on-field performance culminated in a Super Bowl victory watched by over 100 million fans.

WDI's actions – made with full knowledge that it has no right to associate its goods and services with either the Saints, the NFL or NFLP – are unlawful.  WDI is reaping "financial rewards" by infringing upon, and profiting from, the enormous popularity of the Saints and the NFL, including the historic exposure of the Saints and the NFL during Super Bowl XLIV.

The Saints, the NFL and NFLP have invested significant amounts of capital in, and have devoted substantial amounts of time to the production, marketing and promotion of the NFL and Saints brand of football.  As a direct result of these efforts, goods and services bearing

1014465v.1

the Saints' Marks and NFL Marks have come to be associated with high quality and with the Saints and the NFL.  To protect consumers from buying unlicensed merchandise, which is often substandard and purchased under the belief that it is associated with the NFL and its Member Clubs, and to protect the Marks of the NFL and its Member Clubs, including the Saints, from infringement, dilution and misappropriation, NFLP has established a trademark protection program by which it vigorously defends the integrity and goodwill associated with the trademarks of the NFL and its Member Clubs, including the Saints.

The Saints, the NFL and NFLP bring Counterclaims as set forth herein for trademark infringement and unfair competition arising under the Federal Trademark Act of 1946, 15 U.S.C. § 1051 et seq. ("Lanham Act"); the Louisiana trademark law, La. Rev. Stat. Ann. 51:211 et seq., and the common law to prevent WDI and its licensees from trading off the enormous goodwill associated with the Saints, the NFL and NFLP – heightened by the Saints' recent victory in Super Bowl XLIV – by continuing to pass off their Infringing Goods and Services as being those of the Saints, the NFL and NFLP.  WDI's misconduct is likely to cause confusion and  deceive consumers and the public and will continue to do so absent relief from this Court.

Accordingly, the Saints and NFLP assert the following Affirmative Defenses and Answer to WDI's Complaint.  The Saints, NFLP and the NFL, assuming the posture of Counterclaim Plaintiffs, further assert various Counterclaims against WDI as alleged herein.

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS
## NEW ORLEANS LOUISIANA SAINTS LLC AND NFL PROPERTIES LLC

The Saints and NFLP respond to WDI's Complaint as follows:

## AFFIRMATIVE DEFENSES

NFLP and the Saints assert their affirmative defenses as follows:

1014465v.1

## FIRST AFFIRMATIVE DEFENSE

WDI's Complaint in whole or in part fails to state a claim or cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

WDI's claims are barred by the doctrine of acquiescence.

## THIRD AFFIRMATIVE DEFENSE

WDI's claims are barred by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

WDI's alleged injuries and damages, if any, were caused by acts, wrongs, omissions or negligence of one or more third parties or WDI itself for whose acts NFLP and the Saints are not liable or responsible.

## FIFTH AFFIRMATIVE DEFENSE

WDI's claims are prescribed or barred by the applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

WDI's claims are barred by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

WDI's claims are barred by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

WDI's claims are barred by the doctrine of fair use.

## NINTH AFFIRMATIVE DEFENSE

WDI's claims are barred by the doctrine of genericness.

## TENTH AFFIRMATIVE DEFENSE

WDI's claims are barred by the doctrine of abandonment.

## ANSWER

1014465v.1

NFLP and the Saints now respond to the allegations of the Complaint as follows:

**1.**

NFLP and the Saints deny the allegations in paragraph 1 for lack of sufficient information to justify a belief therein.

**2.**

NFLP and the Saints deny the allegations in paragraph 2.

**3.**

The allegations in paragraph 3 constitute a legal conclusion and demand for relief to which no response is required.

**4.**

NFLP and the Saints deny the allegations in the second sentence of paragraph 4. As to the remainder of paragraph 4, NFLP and the Saints deny the allegations for lack of sufficient information to justify a belief therein.

**5.**

NFLP and the Saints admit the allegations in paragraph 5.

**6.**

NFLP and the Saints admit the allegations in paragraph 6.

**7.**

The allegations in paragraph 7 constitute legal conclusions to which no response is required; however, to the extent a response is required, NFLP and the Saints deny the allegations.

**8.**

The allegations in paragraph 8 constitute legal conclusions to which no response is required.

1014465v.1

**9.**

NFLP and the Saints admit the allegations in paragraph 9.

**10.**

NFLP and the Saints admit the allegations in paragraph 10.

**11.**

NFLP and the Saints deny the allegations in paragraph 11 for lack of sufficient information to justify a belief therein.

**12.**

NFLP and the Saints deny the allegations in paragraph 12 for lack of sufficient information to justify a belief therein.

**13.**

The allegations in paragraph 13 constitute legal conclusions to which no response is required.

**14.**

The allegations in paragraph 14 constitute legal conclusions to which no response is required.

**15.**

The allegations in paragraph 15 constitute legal conclusions to which no response is required; however, to the extent a response is required, NFLP and the Saints deny the allegations.

**16.**

The allegations in paragraph 16 constitute legal conclusions to which no response is required; however, to the extent a response is required, NFLP and the Saints deny the allegations.

1014465v.1

**17.**

The allegations in paragraph 17 constitute legal conclusions to which no response is required.

**18.**

NFLP and the Saints deny the allegations in paragraph 18 for lack of sufficient information to justify a belief therein.

**19.**

NFLP and the Saints deny the allegations in paragraph 19 for lack of sufficient information to justify a belief therein.

**20.**

NFLP and the Saints deny the allegations in paragraph 20 for lack of sufficient information to justify a belief therein

**21.**

NFLP and the Saints deny the allegations in paragraph 21 for lack of sufficient information to justify a belief therein

**22.**

NFLP and the Saints deny the allegations in paragraph 22 for lack of sufficient information to justify a belief therein.

**23.**

NFLP and the Saints deny the allegations in paragraph 23 for lack of sufficient information to justify a belief therein.

**24.**

NFLP and the Saints deny the allegations in paragraph 24 for lack of sufficient information to justify a belief therein.

1014465v.1

**25.**

NFLP and the Saints deny the allegations in paragraph 25 for lack of sufficient information to justify a belief therein

**26.**

NFLP and the Saints deny the allegations in paragraph 26 for lack of sufficient information to justify a belief therein.

**27.**

NFLP and the Saints deny the allegations in paragraph 27.

**28.**

NFLP and the Saints deny the allegations in paragraph 28 for lack of sufficient information to justify a belief therein.

**29.**

NFLP and the Saints deny the allegations in paragraph 29 for lack of sufficient information to justify a belief therein

**30.**

NFLP and the Saints deny the allegations in paragraph 30 for lack of sufficient information to justify a belief therein.

**31.**

NFLP and the Saints deny the allegations in paragraph 31.

**32.**

NFLP and the Saints deny the allegations in paragraph 32 for lack of sufficient information to justify a belief therein.

1014465v.1

**33.**

NFLP and the Saints deny the allegations in paragraph 33 and all of its subparts for lack of sufficient information to justify a belief therein.

**34.**

NFLP and the Saints deny the allegations in the first two sentences of paragraph 34 for lack of sufficient information to justify a belief therein.  As to the last sentence of paragraph 34, NFLP and the Saints deny that any marks used by WDI and its licensees are well established at common law.  Further, NFLP and Saints aver that the state and federal records as to trademark applications and registrations speak for themselves and deny the allegations to the extent they are inconsistent with the public record.

**35.**

NFLP and the Saints deny the allegations in the first sentence of paragraph 35. The remaining allegations in paragraph 35 constitute legal conclusions to which no response is required; however, to the extent a response is required, NFLP and the Saints deny the allegations. Further, NFLP and Saints aver that the state and federal records as to trademark applications and registrations speak for themselves and deny the allegations to the extent they are inconsistent with the public record.

**36.**

The allegations in paragraph 36 constitute legal conclusions to which no response is required; however, to the extent a response is required, NFLP and the Saints deny the allegations.

**37.**

The allegations in paragraph 37 constitute legal conclusions to which no response is required; however, to the extent a response is required, NFLP and the Saints deny the

1014465v.1

allegations.  Further, NFLP and the Saints aver that the state and federal records as to trademark applications and registrations speak for themselves and deny the allegations to the extent they are inconsistent with the public record.

**38.**

NFLP and the Saints deny the allegations in paragraph 38 for lack of sufficient information to justify a belief therein.

**39.**

NFLP and the Saints deny the allegations in paragraph 39 for lack of sufficient information to justify a belief therein. Further, NFLP and the Saints aver that the court record speaks for itself and deny the allegations to the extent they are inconsistent with the record.

**40.**

NFLP and the Saints deny the allegations in paragraph 40.

**41.**

NFLP and the Saints admit that the Saints registered the service mark "Who Dat" with the Louisiana Secretary of State in 1988 in Class 35 (advertising and business services), but deny the remaining allegations in paragraph 41.  NFLP and the Saints further aver that the state and federal records as to trademark applications and registrations speak for themselves and deny the allegations to the extent they are inconsistent with the public record.

**42.**

NFLP and the Saints deny the allegations in the first sentence of paragraph 42. NFLP and the Saints deny the allegations the second sentence of paragraph 42 for lack of sufficient information to justify a belief therein.

1014465v.1

**43.**

NFLP and the Saints aver that any purported agreement between the parties speaks for itself and deny the allegations in paragraph 43 to the extent they are inconsistent with the document.

**44.**

NFLP and the Saints deny the allegations in paragraph 44 for lack of sufficient information to justify a belief therein.  Further, NFLP and Saints aver that the document referenced speaks for itself and deny the allegations to the extent they are inconsistent with the document.  Finally, allegations contained in a footnote are improper and do not require a response; however, to the extent a response is required, NFLP and the Saints deny the allegations contained therein.

**45.**

NFLP and the Saints aver that the purported agreement between the parties speaks for itself and deny the allegations in paragraph 45 to the extent they are inconsistent with the document.

**46.**

NFLP and the Saints aver that the purported agreement between the parties speaks for itself and deny the allegations in paragraph 46 to the extent they are inconsistent with the document.

**47.**

NFLP and the Saints aver that the purported agreement between the parties speaks for itself and deny the allegations in paragraph 47 and its subparts to the extent they are inconsistent with the document.

1014465v.1

**48.**

The allegations in paragraph 48 constitute a legal conclusion to which no response is required; however, to the extent a response is required, NFLP and the Saints admit that the Saints have renewed registration of the service mark which does not expire until 2018 and deny the remainder of the allegations.  Further, NFLP and Saints aver that the state and federal records as to trademark applications and registrations speak for themselves and deny the allegations to the extent they are inconsistent with the public record.

**49.**

NFLP and the Saints deny the allegations in paragraph 49 for lack of sufficient information to justify a belief therein.  Further, NFLP and Saints aver that the state and federal records as to trademark applications and registrations speak for themselves and deny the allegations to the extent they are inconsistent with the public record.

**50.**

NFLP and the Saints deny the allegations in paragraph 50.

**51.**

NFLP and the Saints deny the allegations of paragraph 51, but aver that the Saints filed a trademark application with the Louisiana Secretary of State for "Who Dat" in 2007 in Class 25 (Clothing).  Further, NFLP and Saints aver that the state and federal records as to trademark applications and registrations speak for themselves and deny the allegations to the extent they are inconsistent with the public record.

**52.**

NFLP and the Saints admit that they filed an Opposition with the United States Patent and Trademark Office in 2006.  Further, NFLP and Saints aver that the state and federal records as to trademark applications, registrations and oppositions speak for themselves and deny

1014465v.1

the allegations in paragraph 52 and its subparts to the extent they are inconsistent with the public record.

## 53.

NFLP and the Saints aver that they entered into licensing agreements with Reebok International Ltd. and others for use of marks owned by the NFL and its thirty-two member clubs, including the Saints.   NFLP and the Saints deny the remainder of the allegations of paragraph 53.

## 54.

NFLP and the Saints admit that WDI approached the Saints in September 2009 about working jointly together.   NFLP and the Saints deny the remainder of the allegations of paragraph 54.

## 55.

NFLP and the Saints deny the allegations in paragraph 55.

## 56.

NFLP and the Saints aver that they attempted to negotiate with WDI but no agreement was reached.   NFLP and the Saints deny the remainder of the allegations of paragraph 56.

## 57.

NFLP and the Saints admit that they have sent cease and desist letters to entities suspected of infringing the rights of the Saints and enforced by NFLP.

## 58.

NFLP and the Saints aver that they registered a "Who Dat" trademark in Florida. Further, NFLP and Saints aver that the state and federal records as to trademark applications and

registrations speak for themselves and deny the allegations to the extent they are inconsistent with the public record.  NFLP and Saints deny the remainder of the allegations in paragraph 58.

**59.**

NFLP and the Saints deny the allegations in the first sentence of paragraph 59. NFLP and the Saints deny the remaining allegations in paragraph 59 for lack of sufficient information to justify a belief therein other than to admit that when asked by a reporter whether the NFL would object to a third party's use of the phrase WHO DAT, Brian McCarthy responded that "people can use WHO DAT all they want if it doesn't include NFL and Saints trademarks."

**60.**

NFLP and the Saints deny the allegations in paragraph 60 as stated.

**61.**

NFLP and the Saints deny the allegations in paragraph 61 for lack of sufficient information to justify a belief therein.

**62.**

NFLP and the Saints deny the allegations in paragraph 62.

**63.**

NFLP and the Saints deny the allegations in paragraph 63 for lack of sufficient information to justify a belief therein.

**64.**

NFLP and the Saints deny the allegations in the first three sentences of paragraph 64, and deny the allegations in the fourth sentence of paragraph 64 for lack of sufficient information to justify a belief therein.  NFLP and the Saints admit that merchandise that included

the phrase "Who Dat" was offered for sale but otherwise deny the remainder of the allegations of paragraph 64.

### 65.

NFLP and the Saints admit that merchandise bearing the phrase "Who Dat" is not currently offered on the Saints and NFL web sites but deny the remaining allegations in paragraph 65 for lack of sufficient information to justify a belief therein.

### 66.

NFLP and the Saints deny the allegations in paragraph 66.

## COUNT 1:
## REQUEST FOR DECLARATORY RELIEF

### 67.

In response to the allegations of paragraph 67, NFLP and the Saints adopt by means of reference thereto, as though copied *in extenso*, each and every Affirmative Defense that it has asserted herein and its response to the allegations of paragraphs 1-66 above.

### 68.

The allegations in paragraph 68 and its subparts contain legal conclusions and demands for relief and as such do not require a response.  In an abundance of caution, NFLP and the Saints deny the allegations contained in paragraph 68 and its subparts and further deny that the Plaintiff is entitled to the relief requested.

### 69.

The allegations in paragraph 69 contain demands for relief and as such do not require a response.  In an abundance of caution, NFLP and the Saints deny the allegations contained in paragraph 69 and deny that the Plaintiff is entitled to the relief requested.

1014465v.1

## COUNT 2:
## <u>CANCELLATION</u>

### 70.

In response to the allegations of paragraph 70, NFLP and the Saints adopt by means of reference thereto, as though copied *in extenso*, each and every Affirmative Defense that it has asserted herein and its response to the allegations of paragraphs 1-69 above.

### 71.

Defendants aver that the state and federal records as to trademark applications and registrations speak for themselves and deny the allegations to the extent they are inconsistent with the public record.

### 72.

NFLP and the Saints deny the allegations in paragraph 72.

### 73.

NFLP and the Saints deny the allegations in paragraph 73.

### 74.

The allegations in paragraph 74 contain demands for relief and as such do not require a response.  In an abundance of caution, NFLP and the Saints deny the allegations contained in paragraph 74 and deny that the Plaintiff is entitled to the relief requested.

### 75.

The allegations in paragraph 75 contain demands for relief and as such do not require a response.  In an abundance of caution, NFLP and the Saints deny the allegations contained in paragraph 75 and deny that the Plaintiff is entitled to the relief requested.

1014465v.1

## COUNT 3:
## <u>FRAUDULENT REGISTRATION</u>

### 76.

In response to the allegations of paragraph 76, NFLP and the Saints adopt by means of reference thereto, as though copied *in extenso*, each and every Affirmative Defense that it has asserted herein and its response to the allegations of paragraphs 1-75 above.

### 77.

The 1988 Agreement is the best evidence of its contents and the document speaks for itself. To the extent the allegations are inconsistent with the Agreement, NFLP and Saints deny the allegations in paragraph 77 and its subparts.

### 78.

NFLP and the Saints aver that the state and federal records as to trademark applications and registrations speak for themselves and deny the allegations to the extent they are inconsistent with the public record.

### 79.

NFLP and the Saints deny the allegations in paragraph 79.

### 80.

NFLP and the Saints deny the allegations in paragraph 80 as stated.

### 81.

The allegations in paragraph 81 are largely conclusions of law and as such, do not require a response. In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 81.

1014465v.1

**82.**

The allegations in paragraph 82 are largely conclusions of law and as such, do not require a response.  In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 82.

**83.**

The allegations in paragraph 83 are largely conclusions of law and demands for relief and as such, do not require a response.  In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 83 and further deny that Plaintiff is entitled to the relief requested.

**84.**

The allegations in paragraph 84 contain demands for relief and as such do not require a response.  In an abundance of caution, NFLP and the Saints deny the allegations contained in paragraph 84 and deny that the Plaintiff is entitled to the relief requested.

**COUNT 4:**
**REQUEST FOR PERMANENT INJUNCTION**

**85.**

In response to the allegations of paragraph 85, NFLP and the Saints adopt by means of reference thereto, as though copied *in extenso*, each and every Affirmative Defense that it has asserted herein and its response to the allegations of paragraphs 1-84 above.

**86.**

The allegations in paragraph 86 contain demands for relief and as such do not require a response.  In an abundance of caution, NFLP and the Saints deny the allegations contained in paragraph 86 and deny that the Plaintiff is entitled to the relief requested.

1014465v.1

**87.**

The allegations in paragraph 87 are largely conclusions of law and as such, do not require a response.  In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 87.

**88.**

The allegations in paragraph 88 are largely conclusions of law and demands for relief and as such, do not require a response.  In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 88 and deny that Plaintiff is entitled to the relief requested.

**89.**

The allegations in paragraph 89 are largely conclusions of law and as such, do not require a response.  In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 89.

**90.**

The allegations in paragraph 90 are largely conclusions of law and as such, do not require a response.  In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 90.

**91.**

The allegations in paragraph 91 contain demands for relief and as such do not require a response.  In an abundance of caution, NFLP and the Saints deny the allegations contained in paragraph 91 and deny that the Plaintiff is entitled to the relief requested.

**92.**

The allegations in paragraph 92 and its subparts contain demands for relief and as such do not require a response.  In an abundance of caution, NFLP and the Saints deny the

1014465v.1

allegations contained in paragraph 92 and its subparts and deny that the Plaintiff is entitled to the relief requested therein.

**93.**

The allegations in paragraph 93 are largely conclusions of law and as such, do not require a response.  In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 93.

**94.**

The allegations in paragraph 94 contain demands for relief and as such do not require a response.  In an abundance of caution, NFLP and the Saints deny the allegations contained in paragraph 94 and deny that the Plaintiff is entitled to the relief requested.

**95.**

The allegations in paragraph 95 contain demands for relief and as such do not require a response.  In an abundance of caution, NFLP and the Saints deny the allegations contained in paragraph 95 and deny that the Plaintiff is entitled to the relief requested.

**96.**

The allegations in paragraph 96 contain demands for relief and as such do not require a response.  In an abundance of caution, NFLP and the Saints deny the allegations contained in paragraph 96 and deny that the Plaintiff is entitled to the relief requested.

**COUNT 5:**
**BREACH OF CONTRACT**

**97.**

In response to the allegations of paragraph 97, NFLP and the Saints adopt by means of reference thereto, as though copied *in extenso*, each and every Affirmative Defense that it has asserted herein and its response to the allegations of paragraphs 1-96 above.

- 21 -

**98.**

As to the first sentence of paragraph 98, NFLP and the Saints admit that an agent for the Saints entered into an agreement with WDI in 1988.   Further, NFLP and the Saints aver that any purported agreement between the parties speaks for itself and deny the allegations in paragraph 98 and its subparts to the extent they are inconsistent with the document.

**99.**

The allegations in paragraph 99 are largely conclusions of law and as such, do not require a response.  In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 99.

**100.**

The allegations in paragraph 100 and its subparts are largely conclusions of law and as such, do not require a response.  In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 100 and its subparts.

**101.**

The allegations in paragraph 101 are largely conclusions of law and as such, do not require a response.  In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 101.

**102.**

The allegations in paragraph 102 are largely conclusions of law and as such, do not require a response.  In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 102.

1014465v.1

**103.**

The allegations in paragraph 103 are largely conclusions of law and as such, do not require a response.  In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 103.

**104.**

The allegations in paragraph 104 are largely conclusions of law and as such, do not require a response.  In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 104.

**105.**

The allegations in paragraph 105 contain demands for relief and as such do not require a response.  In an abundance of caution, NFLP and the Saints deny the allegations contained in paragraph 105 and deny that the Plaintiff is entitled to the relief requested.

**COUNT 6:**
**TORTIOUS INTERFERENCE WITH EXISTING CONTRACTS**

**106.**

In response to the allegations of paragraph 106, NFLP and the Saints adopt by means of reference thereto, as though copied *in extenso*, each and every Affirmative Defense that it has asserted herein and its response to the allegations of paragraphs 1-105 above.

**107.**

NFLP and the Saints deny the allegations in paragraph 107 for lack of sufficient information to justify a belief therein.

**108.**

NFLP and the Saints deny the allegations in paragraph 108.

1014465v.1

**109.**

The allegations in paragraph 109 are largely conclusions of law and as such, do not require a response.  In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 109.

**110.**

The allegations in paragraph 110 are largely conclusions of law and as such, do not require a response.  In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 110.

**111.**

The allegations in paragraph 111 are largely conclusions of law and as such, do not require a response.  In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 111.

**112.**

The allegations in paragraph 112 contain demands for relief and as such do not require a response.  In an abundance of caution, NFLP and the Saints deny the allegations contained in paragraph 112 and deny that the Plaintiff is entitled to the relief requested.

## COUNT 7:
## <u>DECEPTIVE ADVERTISING UNDER LOUISIANA LAW</u>

**113.**

As to the first sentence of paragraph 113, NFLP and the Saints adopt by means of reference thereto, as though copied *in extenso*, each and every Affirmative Defense that it has asserted herein and its response to the allegations of paragraphs 1-112 above.  The remaining allegations in paragraph 113 are largely conclusions of law and as such, do not require a

- 24 -

response.  In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 113.

### 114.

The allegations in paragraph 114 are largely conclusions of law and as such, do not require a response.  In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 114.

### 115.

The allegations in paragraph 115 are largely conclusions of law and as such, do not require a response.  In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 115.

### 116.

The allegations in paragraph 116 are largely conclusions of law and as such, do not require a response.  In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 116.

### 117.

The allegations in paragraph 117 contain demands for relief and as such do not require a response.  In an abundance of caution, NFLP and the Saints deny the allegations contained in paragraph 117 and deny that the Plaintiff is entitled to the relief requested.

### COUNT 8:
### TRADEMARK INFRINGEMENT UNDER LANHAM ACT

### 118.

In response to the allegations of paragraph 118, NFLP and the Saints adopt by means of reference thereto, as though copied *in extenso*, each and every Affirmative Defense that it has asserted herein and its response to the allegations of paragraphs 1-117 above.

- 25 -

**119.**

NFLP and the Saints deny the allegations in paragraph 119 for lack of sufficient information to justify a belief therein.

**120.**

NFLP and the Saints deny the allegations in paragraph 120.

**121.**

The allegations in paragraph 121 are largely conclusions of law and as such, do not require a response.  In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 121.

**122.**

The allegations in paragraph 122 and its subparts are largely conclusions of law and as such, do not require a response.  In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 122 and its subparts.

**123.**

The allegations in paragraph 123 are largely conclusions of law and as such, do not require a response.  In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 123.

**124.**

The allegations in paragraph 124 are largely conclusions of law and as such, do not require a response.  In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 124.

1014465v.1

**125.**

The allegations in paragraph 125 are largely conclusions of law and as such, do not require a response.  In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 125.

**126.**

The allegations in paragraph 126 are largely conclusions of law and as such, do not require a response.  In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 126.

**127.**

The allegations in paragraph 127 contain demands for relief and as such do not require a response.  In an abundance of caution, NFLP and the Saints deny the allegations contained in paragraph 127 and deny that the Plaintiff is entitled to the relief requested.

**COUNT 9:**
**STATE STATUTORY TRADEMARK INFRINGEMENT AND DILUTION**

**128.**

In response to the allegations of paragraph 128, NFLP and the Saints adopt by means of reference thereto, as though copied *in extenso*, each and every Affirmative Defense that it has asserted herein and its response to the allegations of paragraphs 1-127 above.

**129.**

The allegations in paragraph 129 are largely conclusions of law and as such, do not require a response.  In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 129.

- 27 -

**130.**

The allegations in paragraph 130 are largely conclusions of law and as such, do not require a response.  In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 130.

**131.**

The allegations in paragraph 131 are largely conclusions of law and as such, do not require a response.  In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 131.

**132.**

The allegations in paragraph 132 are largely conclusions of law and as such, do not require a response.  In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 132.

**133.**

The allegations in paragraph 133 contain demands for relief and as such do not require a response.  In an abundance of caution, NFLP and the Saints deny the allegations contained in paragraph 133 and deny that the Plaintiff is entitled to the relief requested.

**134.**

The allegations in paragraph 134 are largely conclusions of law and as such, do not require a response.  In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 134.

**135.**

The allegations in paragraph 135 are largely conclusions of law and as such, do not require a response.  In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 135.

1014465v.1

**136.**

The allegations in paragraph 136 contain demands for relief and as such do not require a response.   In an abundance of caution, NFLP and the Saints deny the allegations contained in paragraph 136 and deny that the Plaintiff is entitled to the relief requested.

## COUNT 10:
## UNFAIR COMPETITION

**137.**

In response to the allegations of paragraph 137, NFLP and the Saints adopt by means of reference thereto, as though copied *in extenso*, each and every Affirmative Defense that it has asserted herein and its response to the allegations of paragraphs 1-136 above.

**138.**

The allegations in paragraph 138 are largely conclusions of law and as such, do not require a response.   In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 138.

**139.**

The allegations in paragraph 139 are largely conclusions of law and as such, do not require a response.   In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 139.

**140.**

The allegations in paragraph 140 are largely conclusions of law and as such, do not require a response.   In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 140.

1014465v.1

**141.**

The allegations in paragraph 141 are largely conclusions of law and as such, do not require a response.  In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 141.

**142.**

The allegations in paragraph 142 are largely conclusions of law and as such, do not require a response.  In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 142.

**143.**

The allegations in paragraph 143 are largely conclusions of law and as such, do not require a response.  In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 143.

**144.**

The allegations in paragraph 144 contain demands for relief and as such do not require a response.  In an abundance of caution, NFLP and the Saints deny the allegations contained in paragraph 144 and deny that the Plaintiff is entitled to the relief requested.

## COUNT 11:
## <u>FEDERAL DILUTION</u>

**145.**

In response to the allegations of paragraph 145, NFLP and the Saints adopt by means of reference thereto, as though copied *in extenso*, each and every Affirmative Defense that it has asserted herein and its response to the allegations of paragraphs 1-144 above.

1014465v.1

**146.**

The allegations in paragraph 146 are largely conclusions of law and as such, do not require a response.  In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 146 to the extent they pertain to NFLP and the Saints.

**147.**

The allegations in paragraph 147 are largely conclusions of law and as such, do not require a response.  In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 147.

**148.**

The allegations in paragraph 148 are largely conclusions of law and as such, do not require a response.  In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 148.

**149.**

The allegations in paragraph 149 contain demands for relief and as such do not require a response.  In an abundance of caution, NFLP and the Saints deny the allegations contained in paragraph 149 and deny that the Plaintiff is entitled to the relief requested.

**COUNT 12:**
**<u>FEDERAL COMMERCIAL AND PRODUCT DISPARAGEMENT</u>**

**150.**

In response to the allegations of paragraph 150, NFLP and the Saints adopt by means of reference thereto, as though copied *in extenso*, each and every Affirmative Defense that it has asserted herein and its response to the allegations of paragraphs 1-149 above.

**151.**

The allegations in paragraph 151 are largely conclusions of law and as such, do not require a response.  In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 151.

**152.**

The allegations in paragraph 152 are largely conclusions of law and as such, do not require a response.  In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 152.

**153.**

The allegations in paragraph 153 are largely conclusions of law and as such, do not require a response.  In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 153.

**154.**

The allegations in paragraph 154 are largely conclusions of law and as such, do not require a response.  In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 154.

**155.**

The allegations in paragraph 155 are largely conclusions of law and as such, do not require a response.  In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 155.

**156.**

The allegations in paragraph 156 contain demands for relief and as such do not require a response.  In an abundance of caution, NFLP and the Saints deny the allegations contained in paragraph 156 and deny that the Plaintiff is entitled to the relief requested.

1014465v.1

**157.**

The allegations in paragraph 157 contain demands for relief and as such do not require a response.   In an abundance of caution, NFLP and the Saints deny the allegations contained in paragraph 157 and deny that the Plaintiff is entitled to the relief requested.

## COUNT 13:
## NEGLIGENCE

**158.**

In response to the allegations of paragraph 158, NFLP and the Saints adopt by means of reference thereto, as though copied *in extenso*, each and every Affirmative Defense that it has asserted herein and its response to the allegations of paragraphs 1-157 above.

**159.**

The allegations in paragraph 159 are largely conclusions of law and as such, do not require a response.   In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 159.

**160.**

The allegations in paragraph 160 are largely conclusions of law and as such, do not require a response.   In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 160.

**161.**

The allegations in paragraph 161 are largely conclusions of law and as such, do not require a response.   In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 161.

1014465v.1

**162.**

NFLP and the Saints deny the allegations in paragraph 162 for lack of sufficient information to justify a belief therein.

**163.**

NFLP and the Saints deny the allegations in paragraph 163 for lack of sufficient information to justify a belief therein.

**164.**

The allegations in paragraph 164 are largely conclusions of law and as such, do not require a response.  In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 164.

**165.**

The allegations in paragraph 165 contain demands for relief and as such do not require a response.  In an abundance of caution, NFLP and the Saints deny the allegations contained in paragraph 165 and deny that the Plaintiff is entitled to the relief requested.

**COUNT 14:**
**FRAUD**

**166.**

The allegations in paragraph 166 contain demands for relief and as such do not require a response.  In an abundance of caution, NFLP and the Saints deny the allegations contained in paragraph 166 and deny that the Plaintiff is entitled to the relief requested.

**167.**

In response to the allegations of paragraph 167, NFLP and the Saints adopt by means of reference thereto, as though copied *in extenso*, each and every Affirmative Defense that it has asserted herein and its response to the allegations of paragraphs 1-166 above.

**168.**

Any purported agreement between the parties speaks for itself and NFLP and the Saints deny any allegations that are inconsistent with the document.  NFLP and the Saints deny the remainder of the allegations contained in paragraph 168.

**169.**

The allegations in paragraph 169 are largely conclusions of law and as such, do not require a response.  In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 169.

**170.**

The allegations in paragraph 170 are largely conclusions of law and as such, do not require a response.  In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 170.

**171.**

NFLP and the Saints deny the allegations in paragraph 171 for lack of sufficient information to justify a belief therein.

**172.**

The allegations in paragraph 172 are largely conclusions of law and as such, do not require a response.  In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 172.

**173.**

The allegations in paragraph 173 contain demands for relief and as such do not require a response.  In an abundance of caution, NFLP and the Saints deny the allegations contained in paragraph 173 and deny that the Plaintiff is entitled to the relief requested.

1014465v.1

**174.**

The allegations in paragraph 174 contain demands for relief and as such do not require a response.  In an abundance of caution, NFLP and the Saints deny the allegations contained in paragraph 174 and deny that the Plaintiff is entitled to the relief requested.

**COUNT 15:**

**VIOLATION OF FLORIDA TRADEMARK LAW**

**175.**

In response to the allegations of paragraph 175, NFLP and the Saints adopt by means of reference thereto, as though copied *in extenso*, each and every Affirmative Defense that it has asserted herein and its response to the allegations of paragraphs 1-174 above.

**176.**

NFLP and the Saints admit the allegations in paragraph 176.

**177.**

The allegations in paragraph 177 are largely conclusions of law and as such, do not require a response.  In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 177.

**178.**

The allegations in paragraph 178 are largely conclusions of law and as such, do not require a response.  In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 178.

**179.**

The allegations in paragraph 179 contain demands for relief and as such do not require a response.  In an abundance of caution, NFLP and the Saints deny the allegations contained in paragraph 179 and deny that the Plaintiff is entitled to the relief requested.

1014465v.1

**180.**

The allegations in paragraph 180 are largely conclusions of law and as such, do not require a response.  In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 180.

**181.**

The allegations in paragraph 181 contain demands for relief and as such do not require a response.  In an abundance of caution, NFLP and the Saints deny the allegations contained in paragraph 181 and deny that the Plaintiff is entitled to the relief requested.

**COUNT 16:**
**CONSPIRACY**

**182.**

In response to the allegations of paragraph 182, NFLP and the Saints adopt by means of reference thereto, as though copied *in extenso*, each and every Affirmative Defense that it has asserted herein and its response to the allegations of paragraphs 1-181 above.

**183.**

The allegations in paragraph 183 are largely conclusions of law and as such, do not require a response.  In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 183.

**184.**

The allegations in paragraph 184 are largely conclusions of law and as such, do not require a response.  In abundance of caution and to the extent a response is required, NFLP and the Saints deny the allegations contained in paragraph 184.

1014465v.1

**185.**

The allegations in paragraph 185 contain demands for relief and as such do not require a response.   In an abundance of caution, NFLP and the Saints deny the allegations contained in paragraph 185 and deny that the Plaintiff is entitled to the relief requested.

**186.**

The allegations in paragraph 186 contain demands for relief and as such do not require a response.   In an abundance of caution, NFLP and the Saints deny the allegations contained in paragraph 186 and deny that the Plaintiff is entitled to the relief requested.

**187.**

The allegations in paragraph 187 contain demands for relief and as such do not require a response.   In an abundance of caution, NFLP and the Saints deny the allegations contained in paragraph 187 and deny that the Plaintiff is entitled to the relief requested.

**188.**

The allegations in paragraph 188 contain demands for relief and as such do not require a response.   In an abundance of caution, NFLP and the Saints deny the allegations contained in paragraph 188 and deny that the Plaintiff is entitled to the relief requested.

**189.**

The allegations in paragraph 189 contain demands for relief and as such do not require a response.   In an abundance of caution, NFLP and the Saints deny the allegations contained in paragraph 189 and deny that the Plaintiff is entitled to the relief requested.

## <u>Answer to WDI's Prayer for Relief</u>

Defendants deny that WDI is entitled to the relief requested or to any other relief.

## COUNTERCLAIMS

Now, assuming the posture of Defendants/Counterclaim Plaintiffs, the Saints and NFLP, together with Counterclaim Plaintiff the NFL, assert the following Counterclaims to the Complaint of Plaintiff/Counterclaim Defendant WDI, fully incorporate the Preliminary Statement, and allege as follows:

## JURISDICTION AND VENUE

**1.**

This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338.  This Court has jurisdiction over the related state and common law counterclaims pursuant to 28 U.S.C. §§ 1338 and 1367.

**2.**

This Court has personal jurisdiction over WDI because WDI and/or its principals reside in this state, do business in this state, have committed tortious acts in this state, and have otherwise established contacts with this state making the exercise of personal jurisdiction proper.

**3.**

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) & (2) because WDI and/or its principals reside or do business in this District and a substantial part of the events or omissions giving rise to the action occurred in this District.

## THE PARTIES

**4.**

Counterclaim Plaintiff New Orleans Louisiana Saints LLC is a limited liability company of the State of Texas, having its principal location at 5800 Airline Drive, Metairie, Louisiana 70003.

1014465v.1

**5.**

Counterclaim Plaintiff the National Football League is an unincorporated association organized and existing under the laws of the State of New York with its principal place of business at 280 Park Avenue, New York, New York 10017.  Counterclaim Plaintiff NFL Properties LLC is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 280 Park Avenue, New York, New York 10017.  NFLP is the representative of the NFL and its thirty-two (32) Member Clubs, each of which owns and operates a professional football team, for the commercial licensing and protection of the marks of the NFL and its Member Clubs.  The Saints are one of the Member Clubs of the NFL.

**6.**

On information and belief, Counterclaim Defendant WDI is a Louisiana corporation organized and existing under the laws of the State of Louisiana, with its domicile at 518 Rampart Street, New Orleans, Louisiana 70113.

**<u>FACTS COMMON TO ALL COUNTERCLAIMS</u>**

**<u>The NFL, the Saints and Their Trademark Rights</u>**

**7.**

NFL football is, and for many years has been, the most popular spectator sport in the United States.  Millions of people attend NFL games each year and many millions more watch broadcasts of the games and follow the respective teams and games via electronic and print media.  The Super Bowl game is the culmination of the NFL season and showcases the activities of the NFL and member clubs.  The Super Bowl game is the most watched television program each year, attracting the largest total audience.  Intense media attention is focused on the game and the teams vying for a chance to compete in the Super Bowl game.

- 40 -

**8.**

The New Orleans Saints have operated as a professional football club in New Orleans, Louisiana for over forty years.  During the 2009 NFL season, the Saints earned a franchise record thirteen victories and went on to claim the NFL world championship title by beating the Indianapolis Colts 31-17 in Super Bowl XLIV.  More than 100 million fans watched the Saints victory in what became the most-watched television program in U.S. history and the highest rated NFL championship in over fourteen years.  The New Orleans television market earned the highest ratings of all Nielsen metered markets with a 56.3% rating and 82% share.

**9.**

To identify and distinguish their respective football clubs and the entertainment services that they provide, the NFL and its Member Clubs, including the New Orleans Saints, have adopted and used in interstate commerce various names, terms, symbols, emblems, slogans, designs, colors and other identifying marks.

**10.**

The New Orleans Saints have adopted and use in commerce certain trademarks relating to the activities of the Saints, including, among others, the marks "New Orleans Saints," "Saints," the black and gold home and away uniform designs, the Saints' Stylized Fleur-de-Lis Design Mark, the Saints' Shield Design Mark and the Saints' black and gold color scheme (collectively, the "Saints Marks").

**11.**

For over forty years, the Saints prominently and consistently have used, and continue to use, a stylized Fleur-de-Lis Design mark.  When used in the context of professional football, the use of this stylized Fleur-de-Lis design will be perceived by the relevant consuming public as a reference to the Saints.  Licensees of the Saints and NFLP have often used this

1014465v.1

stylized Fleur-de-Lis Design mark as a means of referring to the Saints.  Thus, the Saints are also the owner of valuable trademark rights in this stylized Fleur-de-Lis Design mark (hereinafter the "Saints' Fleur-de-Lis Design Mark").

**12.**

Additionally, for over forty years, the Saints prominently and consistently have used, and continue to use, a black and gold color scheme in connection with the Saints football team and with the Saints' related organizations, activities and services, as well as with goods and services sold by the Saints and their licensees, including without limitation its team uniforms, and a wide variety of souvenirs, memorabilia and other merchandise.  The Saints use its black and gold color scheme in connection with its "Saints" and "New Orleans Saints" word marks, the Saints' Shield Design Mark, the Saints' Fleur-de-Lis Design Mark, as an element of its other logos and design marks, and in numerous additional contexts.   Licensees of the Saints and NFLP consistently use a black and gold color scheme on goods and services such as souvenir merchandise, marketing and advertising as a means of referring to the Saints.

**13.**

When used in the context of professional football, the Saints' black and gold color scheme will be perceived by the relevant consuming public as a reference to the Saints.  The Saints black and gold color scheme has achieved secondary meaning when appearing in connection with the Saints brand of professional football.  Thus, the Saints' black and gold color scheme serves as a trademark in connection with goods and services that make reference to the Saints, the Saints' accomplishments, or events in which the Saints have or will be participating.

**14.**

The Saints Marks have been used in interstate commerce and have achieved significant fame and public recognition, especially when appearing in connection with football

1014465v.1

games, events and related goods and services.  Because of their widespread use in connection with the Saints' activities and licensed goods and services, the Saints Marks have tremendous power as source identifiers.  The Saints Marks were used extensively and continuously before the activities of WDI outlined herein.

**15.**

The Saints have registered a number of the Saints' Marks with the U.S. Patent and Trademark Office and the Louisiana Secretary of State for a wide variety of products such as clothing, novelties, printed products and souvenirs, including, *inter alia*, the marks "New Orleans Saints," "Saints," the Saints' Fleur-de-Lis Design Mark, the Saints' Shield Design Mark and the Saints Uniform Design Marks lined in the black and gold color scheme.  True and correct copies of the Certificates of Registration for the marks registered by the Saints with the U.S. Patent and Trademark Office and the Louisiana Secretary of State are attached as Exhibit 1.

**16.**

Several of the Saints registrations have become incontestable pursuant to the provisions of 15 U.S.C. § 1065.  These Registrations therefore constitute conclusive evidence of the validity of the marks shown therein, and of the registration of said marks, of the NFL's ownership of said marks, and of the Saints' exclusive right to use said marks in commerce on the goods and services specified therein.

**17.**

Likewise, the NFL has also adopted and uses in commerce certain trademarks relating to the activities of the NFL, including, among others, the marks "Super Bowl", "Super Bowl XLIV", the Super Bowl XLIV Logo, "Super Bowl XLV", the Super Bowl XLV Logo, and the NFL Shield Design Logo (collectively, the "NFL Marks").

1014465v.1

**18.**

The NFL Marks have been used in interstate commerce and have achieved significant fame and public recognition, especially when appearing in connection with football games, events and related goods and services.  Because of their widespread use in connection with the NFL's activities and licensed goods and services, the NFL Marks have tremendous power as source identifiers.  The NFL Marks were used extensively and continuously before the activities of WDI outlined herein.

**19.**

The NFL has also registered a number of the NFL Marks with the U.S. Patent and Trademark Office and the Louisiana Secretary of State for a wide variety of goods such as clothing, novelties, printed products and souvenirs, including, *inter alia*, the marks "Super Bowl" and the NFL Shield Design Logo.  True and correct copies of the Certificates of Registration for these marks registered by the NFL with the U.S. Patent and Trademark Office and the Louisiana Secretary of State are attached as Exhibit 2.

**20.**

Several of the NFL's registrations have become incontestable pursuant to the provisions of 15 U.S.C. § 1065.  These Registrations therefore constitute conclusive evidence of the validity of the marks shown therein, and of the registration of said marks, of the NFL's ownership of said marks, and of the NFL's exclusive right to use said marks in commerce on the goods and services specified therein.

**NFLP's Business**

**21.**

NFLP's responsibilities include acting as the licensing agent of the Member Clubs and the NFL.  In this role, NFLP has entered into numerous licensing agreements with third

- 44 -

parties, whereby it has licensed said parties to use the NFL Marks and Saints Marks in connection with the manufacture and sale of goods and/or services, the quality and style of which are controlled and monitored by NFLP on behalf of the Member Clubs and the NFL.

**22.**

NFLP's licensees have invested significant amounts of capital in, and have devoted substantial amounts of time to the production, marketing, and promotion of their goods and services bearing the NFL Marks and Saints Marks, and have established a significant consumer demand for these items through such efforts. Consumers readily identify goods and services bearing the NFL Marks and Saints Marks as being sponsored and/or approved by the NFL, the Saints and the other Member Clubs.

**23.**

Goods manufactured by NFLP's licensees bearing the NFL Marks and Saints Marks are sold in interstate commerce and purchased by various retail outlets throughout the United States, because of the indication of quality represented by the NFL Marks and Saints Marks thereon and the authorized sponsorship thereof by the NFL, the Saints and the other Member Clubs.

**24.**

To protect the NFL Marks and Saints Marks from infringement, dilution, disparagement, and misappropriation, NFLP has established a program of trademark protection.

**WDI's Unlawful Activities**

**25.**

WDI has long been aware of the vast and valuable goodwill reputation of the Saints and NFL represented and symbolized by the Saints Marks and NFL Marks.  WDI also has long been aware that the Saints Marks and NFL Marks are used by the Saints, NFL and NFLP

1014465v.1

and their respective licensees and are recognized and relied on by the public throughout the United States as identifying various high quality goods and services of the Saints, the NFL and NFLP and their licensees, which distinguish them from like goods and services of others.

### 26.

Notwithstanding this awareness, and in fact by reason thereof, WDI has attempted unfairly to capitalize upon consumers' favorable and widespread recognition of the Saints Marks and NFL Marks.

### 27.

By the end of September 2009, the Saints were undefeated on the field and leading their division with three consecutive wins.  Immediately after the team's third win, WDI contacted the Saints seeking an opportunity to work together with the Saints.  WDI recognized the value of associating itself with the Saints:  "With what we think will be a great season for the Saints, we are going to step up our efforts with regard to the Who Dat marketing and sales." (See Letter from Steve Monistere to Ben Hales, dated September 28, 2009, a true and correct copy of which is attached hereto as Exhibit 3.)

### 28.

WDI also acknowledged that authorization from the Saints and NFLP would be required in order for it to use any of the Saints Marks.  As Sal Monistere conceded in an email to the Saints, "Our goal in meeting with you folks (and properties) is to once again acquire the rights to include the Saints official marks on the CD - the colors, the fleur de lis, etc."  (See email from Sal Monistere to Vicky Neumeyer, dated October 22, 2009, a true and correct copy of which is attached hereto as Exhibit 4.)

- 46 -

**29.**

Despite this express acknowledgement of the Saints valuable trademark rights, WDI recently began selling (by itself or through its licensees), through various websites, including without limitation www.whodatstuff.com, whodatonline.com and www.cafepress.com/whodat, and through other retail venues in the State of Louisiana, goods and services that bear the term "Who Dat" combined with one or more of the Saints Marks and/or NFL Marks or colorable imitations thereof.

**30.**

The www.whodatstuff.com, whodatonline.com and www.cafepress.com/whodat websites have prominently featured Infringing Goods and Services bearing indicia of the Saints and the NFL including without limitation the Saints' Shield Design Mark; colorable imitations of the Saints' Fleur-de-Lis Design Mark; colorable imitations of the NFL Shield Design Mark and the Saints' Shield Design Mark; references to "World Champion Who Dat Nation Fans," "Who Dat New Orleans 2010 Champs!"; the possibility of a repeat of the Saints' Super Bowl championship in the next Super Bowl "XLV"; and related phrases as well as a black and gold color scheme.

**31.**

The www.whodatstuff.com, whodatonline.com and www.cafepress.com/whodat websites promote the sale of the Infringing Goods and Services by using iconic photographs of the Saints Super Bowl XLIV victory and of Saints' players in uniform after that victory, slogans and other textual references to the "official" nature of the goods offered, to the Saints, to the "coming Who Dat season in New Orleans," and to "the biggest of big games" and encourages Saints fans to "[b]e one of the first in the WHO DAT NATION to show your support of Who Dat New Orleans Saints."

**32.**

Dozens of Infringing Goods bearing this indicia are currently offered for sale by WDI and its licensees, including without limitation, a wide variety of men's, women's and children's clothing items; aprons; mugs; buttons; stickers; calendars; clocks; glasses; keepsake boxes; gym bags; tote bags; cards; throw pillows; pet bowls; and posters.   Representative samples of such designs are reproduced below and true and correct copies of print-outs of various versions of pages from the foregoing websites are attached hereto as Exhibit 5.

 







**33.**

On information and belief, WDI has recently licensed third parties to manufacture, distribute and/or sell goods or services bearing the term "Who Dat" combined with one or more of the Saints Marks and/or NFL Marks.

**34.**

Moreover, on January 5, 2010, WDI registered the SAINTS SONGS trademark with the Louisiana Secretary of State in connection with various services in Classes 35 and 41.

A true and correct copy of the SAINTS SONG trademark registration record in the Louisiana Secretary of State online database is attached as Exhibit 6.

**35.**

WDI's use of one or more of the Saints Marks and/or NFL Marks, and references to "Official"; "New Orleans 2010 Champs!"; "World Champion Fans" and such phrases in connection with the "Who Dat" Phrase are calculated directly to trade upon the identity and reputation of the Saints.

**36.**

The Infringing Goods and Services of WDI and its licensees, which bear one or more of the Saints Marks and/or NFL Marks, are not licensed, authorized, sponsored, endorsed or approved by Counterclaim Plaintiffs.

**37.**

The Infringing Goods and Services of WDI and its licensees, which bear one or more of the Saints Marks and/or NFL Marks, are similar to and compete with goods sold or licensed by Counterclaim Plaintiffs, and are offered through similar channels of trade. WDI and its licensees sell their Infringing Goods and Services in and around the New Orleans area and the State of Louisiana, and, on information and belief, in some cases the unlicensed and unauthorized Infringing Goods appear directly alongside goods authorized by Counterclaim Plaintiffs. WDI seeks to ensure that such proximity will exacerbate and increase the confusion caused by the unlicensed and unauthorized Infringing Goods and Services offered by WDI and its licensees.

**38.**

The Infringing Goods and Services of WDI and its licensees, which bear one or more of the Saints Marks and/or NFL Marks, are likely to deceive, confuse and mislead

1014465v.1

prospective purchasers and purchasers into believing that these goods and services were produced or authorized by or in some manner associated with Counterclaim Plaintiffs. The likelihood of confusion, mistake and deception engendered by the Infringing Goods and Services of WDI and its licensees are causing irreparable harm to Counterclaim Plaintiffs.

**39.**

Purchasers and prospective purchasers viewing the Infringing Goods and Services of WDI and its licensees and perceiving a defect, lack of quality, or any impropriety are likely mistakenly to attribute them to Counterclaim Plaintiffs. By causing such a likelihood of confusion, mistake and deception, WDI is inflicting irreparable harm to the goodwill of Counterclaim Plaintiffs.

**40.**

The Infringing Goods and Services of WDI and its licensees are calculated to trade on the valuable goodwill and commercial magnetism of Counterclaim Plaintiffs in New Orleans, the State of Louisiana and elsewhere. WDI and its licensees are attempting to pass off their Infringing Goods and Services as being directly or indirectly endorsed or sponsored by or affiliated or associated with Counterclaim Plaintiffs.

**41.**

WDI and its licensees have willfully, intentionally and maliciously used the Saints Marks and/or NFL Marks, or adopted imitations of the Saints Marks and/or NFL Marks in connection with their Infringing Goods and Services in a manner that is likely to cause and enhance confusion, and have otherwise deliberately attempted to pass off their Infringing Goods and Services directly or indirectly as those provided or licensed by Counterclaim Plaintiffs.

1014465v.1

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT

### 42.

Counterclaim Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-41.

### 43.

WDI and its licensees are using confusingly similar imitations of one or more of the federally registered Saints Marks and/or NFL Marks on the Infringing Goods and Services. This conduct is likely to cause confusion, deception and mistake by creating the false and misleading impression that WDI and its licensees' unlicensed and unauthorized goods and services are manufactured or offered by Counterclaim Plaintiffs or are associated or connected with Counterclaim Plaintiffs, or have the sponsorship, endorsement or approval of Counterclaim Plaintiffs.

### 44.

WDI and its licensees have used confusingly similar imitations of the federally registered Saints Marks and/or NFL Marks in violation of 15 U.S.C. § 1114, and their activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to the Counterclaim Plaintiffs' goodwill and reputation as symbolized by the federally registered Saints Marks and/or NFL Marks, for which Counterclaim Plaintiffs have no adequate remedy at law.

### 45.

The actions of WDI and its licensees demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the federally registered Saints Marks and/or NFL Marks to Counterclaim Plaintiffs' great and irreparable injury.

1014465v.1

**46.**

WDI and its licensees caused and are likely to continue causing substantial injury to the public and to Counterclaim Plaintiffs, and Counterclaim Plaintiffs are entitled to injunctive relief and impoundment and destruction of the infringing goods of WDI and its licensees and to recover actual damages, WDI's profits, enhanced profits and damages, costs and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, 1117, 1118.

**COUNT II**
**FEDERAL UNFAIR COMPETITION**

**47.**

Counterclaim Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-46 as if fully set forth here.

**48.**

The Infringing Goods and Services of WDI and its licensees have caused and are likely to cause confusion, deception, and mistake by creating the false and misleading impression that such goods and services are manufactured or distributed by Counterclaim Plaintiffs or are associated or connected with Counterclaim Plaintiffs, or have the sponsorship, endorsement or approval of Counterclaim Plaintiffs, in violation of 15 U.S.C. § 1125(a).

**49.**

WDI has made false representations, false descriptions, and false designations of origin in violation of 15 U.S.C. § 1125(a), including, but not limited to, WDI's commercial and merchandising use of confusingly similar imitations of the Saints Marks and/or NFL Marks, including without limitation the Saints' Shield Design Mark, the Saints' Fleur-de-Lis Design Mark, the NFL Shield Logo, and the black-and-gold color scheme marks and references to the "official" nature of its website and its references to "World Champion Fans" and "World

Champion Who Dat Nation Fans." WDI's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to Counterclaim Plaintiffs' goodwill and reputation, for which Counterclaim Plaintiffs have no adequate remedy at law.

**50.**

The actions of WDI and its licensees demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Counterclaim Plaintiffs to the great and irreparable injury of Counterclaim Plaintiffs.

**51.**

The conduct of WDI and its licensees has caused, and is likely to continue causing, substantial injury to the public and to Counterclaim Plaintiffs, and Counterclaim Plaintiffs are entitled to injunctive relief and impoundment and destruction of the infringing goods of WDI and its licensees and to recover actual damages, profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116 and 1117.

**COUNT III**
**STATE TRADEMARK INFRINGEMENT**

**52.**

Counterclaim Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-51 as if fully set forth here.

**53.**

The Saints and the NFL are the owners of valid and subsisting state registrations for the New Orleans Saints, Saints, Saints' Shield Design Mark, and the Saints' Fleur-de-Lis Design Mark, and the NFL Super Bowl and NFL Shield Logo, respectively, as identified above.

- 55 -

**54.**

The unauthorized use in commerce by WDI and its licensees of the state registered Saints Marks and/or NFL Marks or reproductions, counterfeits, copies or colorable imitations thereof, in connection with the Infringing Goods and Services of WDI and its licensees, or their advertising thereof, is likely to deceive or cause confusion or mistake or to deceive as to the source of the merchandise.

**55.**

The unauthorized use in commerce by WDI and its licensees of the state registered Saints Marks and/or NFL Marks or reproductions, counterfeits, copies or colorable imitations thereof, and the application of those marks or imitations thereof to labels, signs, prints, packages, wrappers, receptacles, or advertisements, with the intent of selling and/or distributing such Infringing Goods and Services in this State is likely to deceive or cause confusion or mistake as to the source of origin of the goods and services.

**56.**

WDI and its licensees are intentionally and knowingly causing and will continue to cause irreparable injury to the Saints' and the NFL's business reputation and the good will represented by the state registered Saints Marks and/or NFL Marks, in violation of La. Rev. Stat. Ann. 51:211 <u>et seq.</u>, and Counterclaim Plaintiffs therefore are entitled to injunctive relief and damages in an amount to be determined at trial.

## COUNT IV
## <u>COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION</u>

**57.**

Counterclaim Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-56 as if fully set forth here.

1014465v.1

**58.**

The acts of WDI and its licensees referenced hereinabove constitute common law trademark infringement and unfair competition, and have created and will continue to create a likelihood of confusion, to the irreparable injury of Counterclaim Plaintiffs unless restrained by this Court. Counterclaim Plaintiffs have no adequate remedy at law for this injury.

**59.**

WDI acted with full knowledge of Counterclaim Plaintiffs, the Saints Marks, the NFL Marks, and Counterclaim Plaintiffs' statutory and common law rights therein and without regard to the likelihood of confusion of the public created by WDI's activities.

**60.**

WDI's actions demonstrate an intentional, willful, and malicious intent to trade on the good will associated with the Counterclaim Plaintiffs, and to pass off their goods and services as those of Counterclaim Plaintiffs, to the great and irreparable injury of Counterclaim Plaintiffs.

**61.**

Counterclaim Plaintiffs are entitled to permanent injunctive relief for the irreparable harm caused by WDI. As a result of WDI's acts, Counterclaim Plaintiffs have been damaged in an amount to be determined at trial.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Counterclaim Plaintiffs request a jury trial on all claims so triable and pray that:

1.       WDI's Complaint be dismissed in its entirety.

2.       WDI and all agents, licensees, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from WDI, or in concert or participation with WDI, be enjoined permanently from:

- 57 -

a.  using any of the Saints Marks and/or NFL Marks or any other copy, reproduction, or colorable imitation or simulation of any of the Saints Marks and/or NFL Marks on or in connection with their Infringing Goods and Services;

b.  using any trademark, service mark, name, logo, design, color scheme, or source designation of any kind on or in connection with their unlicensed and unauthorized goods and services, that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to, the Saints Marks or the NFL Marks, or their respective other trademarks, service marks, names, logos, or color schemes;

c.  using any trademark, service mark, name, logo, design, color scheme, or source designation of any kind on or in connection with their unlicensed and unauthorized goods and services, that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Counterclaim Plaintiffs, or are sponsored or authorized by, or in any way connected or related to Counterclaim Plaintiffs; and

d.  passing off, palming off, or assisting in passing off or palming off, their goods and services, as those of Counterclaim Plaintiffs, or otherwise continuing any and all acts of unfair competition as alleged in these Counterclaims;

3.      WDI be ordered to recall any goods found to infringe or violate Counterclaim Plaintiffs' rights which have been shipped by WDI or its licensees, or under their authority, to any customer including, but not limited to, any wholesaler, distributor, retailer, consignor, or marketer, and also to deliver to each such customer a copy of this Court's order as it relates to said injunctive relief against WDI;

4.      WDI be ordered to deliver up for impoundment and for destruction all goods, bags, boxes, labels, tags, signs, packages, receptacles, advertising, sample books, promotional material, stationery or other materials in the possession, custody, or under the control of WDI that are found to infringe any of the Saints Marks and/or NFL Marks or that otherwise unfairly compete with Counterclaim Plaintiffs and their products and services;

5.      WDI be compelled to account to Counterclaim Plaintiffs for any and all profits derived by WDI for goods and services found to violate Counterclaim Plaintiffs' rights, and to pay damages to Counterclaim Plaintiffs for the acts forming the basis of these Counterclaims;

6.      Based on WDI's intentional use of the Saints Marks and/or the NFL Marks or colorable imitations thereof on unlicensed and unauthorized goods and services and intentional effort to pass off WDI's products, that Counterclaim Plaintiffs be awarded enhanced profits and trebled and punitive damages;

7.      WDI be required to pay to Counterclaim Plaintiffs the costs of this action and its reasonable attorneys' fees;

8.      WDI be required to pay prejudgment and post judgment interest on any monetary award; and

1014465v.1

9.     Counterclaim Plaintiffs have such other and further relief as the Court may deem just.

Respectfully submitted,

/s/ Lesli D. Harris
Phillip A. Wittmann, 13625
Michael Q. Walshe, Jr., 23968
Lesli D. Harris, 28070
Agnieszka A. McPeak, 31259
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Telephone:  (504) 581-3200

AND

Jerre B. Swann
Christopher P. Bussert
James H. Sullivan, Jr.
KILPATRICK STOCKTON, LLP
Suite 2800
100 Peachtree Street
Atlanta, Georgia 30309-4528
Telephone:  (404) 815-6500

Attorneys for Defendants,
NFL Properties L.L.C. and
the New Orleans Louisiana Saints, L.L.C., and
Counterclaim Plaintiff, the National Football
League

## CERTIFICATE OF SERVICE

I do hereby certify that on this date, April 21, 2010, I electronically filed the above and foregoing pleading with the Clerk of the Court using the ECF System which sent notification of such filing to all counsel of record.

/s/          Lesli D. Harris

1014465v.1